**Elbert Glynn GILES, Appellant,**

v.

**The STATE of Texas.**

**Nos. 1272–95, 1273–95.**

Court of Criminal Appeals of Texas, En Banc.

May 8, 1996.

Scott Segall, El Paso, for appellant.

Kathleen M. Anderson, Asst. Dist. Atty., El Paso, Robert A. Huttash, State's Atty., Austin, for the State.

OVERSTREET, Judge, dissenting.

Appellant, Elbert Glynn Giles, was indicted on Texas state charges alleged to have been committed in El Paso County.

At the time of his indictments on state charges, appellant was in federal custody in the state of New Mexico. Appellant was convicted in a trial by jury in the 171st District Court of El Paso County.

Appellant's convictions were affirmed by the Eighth Court of Appeals, *Giles v. State*, No. 08–94–00217–CR (Tex.App. El Paso, delivered September 28, 1995) and *Giles v. State*, 908 S.W.2d 303 (Tex.App.—El Paso, 1995). Appellant's petition for discretionary review before the court presents one ground for review.

## I.

## SUMMARY OF PERTINENT FACTS

Appellant was indicted by the State of Texas on October 10, 1990. At the time of the state indictments, appellant was a federal convict serving a federal sentence in New Mexico. During the pendency of the appellant's federal appeal to the 10th Circuit Court of Appeals, the State of Texas, pursuant to the Interstate Agreement on Detainer Act (IADA), filed a detainer on appellant on May 14, 1992. On the same date, the appellant was transferred to the custody of the El Paso County Detention Facility. While appellant was still in the custody of the State of Texas, the 10th Circuit reversed Giles' federal conviction and remanded his case for a new trial. On September 4, 1992, U.S. Marshals presented officials of the El Paso County Detention Facility with a writ of habeas corpus ad prosequendum. Pursuant to that writ, the El Paso County Detention Facility officials released appellant to the custody of the U.S. Marshals. On February 17, 1993, appellant pled guilty to federal charges in federal district court in New Mexico pursuant to a plea bargain agreement. On March 11, 1993, appellant was again transferred to the custody of the State of Texas at the El Paso County Detention Facility. On July 2, 1994, appellant filed a pretrial motion to dismiss the charges against him pursuant to the IADA Art. IV(c). The court denied this motion. The trial commenced on July 15, 1994. On July 20, 1994, appellant submitted another motion to dismiss based on the IADA Art. IV(e). Hearings on this motion were held on July 20, 1994 and August 5, 1994. This motion was denied also.

Appellant appealed his convictions to the Eighth Court of Appeals on three points of error on October 23, 1995. The court of appeals affirmed his convictions.

## II.

## COURT OF APPEALS' DECISION

The Eighth Court of Appeals held that the coverage of the IADA Art. IV(e) did not include appellant because once appellant's federal conviction was overturned he was no longer covered by the IADA and therefore his motion to dismiss under the IADA was properly denied. *Giles v. State*, No. 08–94–00217–Cr (Tex.App.—El Paso, delivered September 28, 1995) slip op. at p. 8. Primarily, the court of appeals justified this holding by its reading of Art. I of the IADA. The court construed from the full body of Art. I of the IADA that the purpose of the IADA is to protect individuals who are under a term of imprisonment from being shuttled back and forth between jurisdictions because such action interferes with their rehabilitation program.

Secondarily, the court supplemented this interpretation of the purpose of the IADA with language from Articles III(a) and IV(a) of the IADA. These articles refer specifically to persons serving a term of imprisonment. *Id.* at p. 6. The court inferred from the specific language of these two sections of the IADA that the whole IADA must be subject to the restriction that is listed in two specific sections of two different articles of the IADA. Using this interpretation of the IADA, the court of appeals reasoned that the coverage of the IADA could not be applied to appellant because once his conviction was overturned he was not under federal sentence so therefore he had no plan of rehabilitation to interrupt.

Therefore, in the court of appeals opinion, it was proper for the trial court to deny

appellant's motion to dismiss his Texas charges because: 1) it did not violate the purpose of the statute and 2) the statute was inapplicable to appellant who was not under term of imprisonment.

## III.

### APPELLANT'S CLAIM

Appellant argues that the Eighth Court of Appeals erred in its judgments. First, the court erred by not finding that appellant was still under the protection of the IADA. Under the IADA Art. IV(e)[1], if a state takes custody of a defendant pursuant to the IADA, then that state must resolve its charges against that defendant before he is released from the custody of that state or his charges in the first state must be dismissed. *United States v. Mauro*, 436 U.S. 340, 349–351, 98 S.Ct. 1834, 1841–1842, 56 L.Ed.2d 329 (1978). In this case, that was clearly not done. Appellant was in the custody of the State of Texas pursuant to a detainer under the IADA. He was released back into the custody of the federal government without his Texas charges being resolved. Under the plain language of Art. IV(e) of the IADA, the Texas charges versus the appellant must be dismissed. Since there is no Texas case clearly on point on this issue, to support this claim appellant cites rulings of sister states on this issue that clearly support his position.[2]

Appellant's second main argument is that the court of appeals acknowledged the violation of Art. IV(e) in this case but used an artificial construction to avoid dismissing charges against the appellant. In page 8 of its opinion, the court of appeals berates the district attorney's office for not having a procedure to ensure compliance with the IADA and acknowledges that "... but for the fortuitous circumstance of Giles' change

in status from a convicted prisoner to an accused no longer covered by the IADA, easily could have forced this Court to order dismissal of serious charges against Giles." *Giles v. State*, No. 08–94–00217–Cr, 08–94–00217–Cr (Tex.App.—El Paso, delivered September 28, 1995, slip op. at 8). Appellant argues that this is a tacit acknowledgement of a violation of Art. IV(e) of the IADA. More importantly, since the court of appeals hangs its hat on this artificial distinction of Giles' change in status to take him out of the coverage of the IADA, the court of appeals must be overruled. Appellant argues that this distinction between the status of prisoner under sentence and accused is not real and not decisive under the IADA. Art. IV(e) of the IADA just refers to prisoner, not prisoner under sentence. Moreover, there is no language in Art. IV(e) that would remove appellant from the coverage of the IADA. Furthermore, appellant argues that the according to *Mauro*, the only issue as to whether Art. IV(e) of the IADA applies to a particular prisoner once that prisoner has been moved pursuant to the IADA is whether the prisoner was released.[3] There is no case or statutory support for the court of appeals' argument that the change from prisoner under sentence to accused is a valid distinction under the IADA.

## IV.

### ANALYSIS OF CLAIMS

"If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Paragraph (e) of Article V hereof, such indictment, information, or complaint shall not be of any further force or effect and the court shall enter an order dismissing the same with prejudice."

---

1. If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to paragraph (e) of Article V hereof, such indictment, information, or complaint shall not be of any further force or effect and the court shall enter an order dismissing the same with prejudice. Tex.Code Crim. Proc.Ann. Art 51.14, Article IV(e).

2. Appellant cites *People v. Reyes*, 98 Cal.App.3d 524, 159 Cal.Rptr. 572 (1979); *People v. Browning*, 108 Mich.App. 281, 310 N.W.2d 365 (1981); and *Gray v. Benson*, 443 F.Supp. 1284 (D.Kansas 1978) for this proposition.

3. *See Mauro*, 436 U.S. at 349–351, 98 S.Ct. at 1841–1842. Appellant argues that the reasons for that move are irrelevant.

TEX.CODE CRIM.PROC.ANN. art. 51.14, Article IV(e).

The court of appeals affirmed appellant's conviction on the argument that once appellant's federal conviction was reversed, he was no longer under the coverage of the IADA. Nowhere in the statute is there any language which would allow a prisoner who is first moved under the IADA to be taken out of the scope of the IADA's coverage. More specifically, there is nowhere in this section of the statute (Art. IV(e)) that any status of the accused is mentioned but that of "prisoner." Appellant was clearly a prisoner. He was still facing federal charges after his federal conviction was overturned.

Second, there is no justification in Texas or federal law for the removal of a prisoner from the coverage of the IADA. The two sections of the IADA that the court of appeals cites as justification for removing appellant from the protection of the IADA do not refer to someone already under the coverage of the IADA such as appellant, these sections refer to an individual who is entering the process. Article III(a) refers to when an individual subject to a detainer should be brought into the requesting jurisdiction and tried. Article IV(a) refers to who has the right to have a detainer on a prisoner. Both of these sections deal with the primary entry of the prisoner into the requesting state. Article IV(e) refers to what happens to the prisoner after being in the state. It would be a fallacy to apply any reasoning of the language of Art. III(a) and Art. IV(a) to Art. IV(e) which refers to a different part of the process altogether.

Third, it seems that by affirming the trial court ruling, the court of appeals violates Art. IX and Art. I of the IADA[4] which states that the statute should be liberally construed to effectuate the purpose of the statute. The court of appeals argues that the purpose of the IADA is to protect the rehabilitation of prisoners from being interrupted by being shuttled back and forth between jurisdictions. To support this, they cite dicta from *United States v. Umbower,* 602 F.2d 754, 756 (5th Cir.1979). Moreover, they cite the majority of Art. I of the IADA. In Art. I the stated policy, i.e. purpose, of the IADA is just "... to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." That is it. That is the policy of the IADA. It is true that it is earlier stated in Art. I of the IADA that the uncertainty caused by untried charges interrupt prisoner treatment and rehabilitation. But, that is not the stated policy of the IADA. The policy of the IADA is to have the charges resolved before returning an individual to the sending state. It does not effectuate the policy of this statute to allow a change in status from a prisoner under sentence to a prisoner under charges to remove that prisoner from the IADA. To construe the policy of the IADA in another way is to negate the stated intention of the statute.

## V.

## CONCLUSION

The Eighth Court of Appeals: 1) misconstrued the plain language of Art. IV(e); 2) wrongly analogized inapplicable sections of the IADA to Art. IV(e); and 3) clearly violated the stated policy of the IADA by allowing a change in status to defeat the purpose of the IADA. For these reasons, I respectfully dissent to this Court's refusal of appellant's petition for discretionary review.

BAIRD and MALONEY, JJ., join.

---

4. Article 51.14 TEXAS CODE OF CRIMINAL PROCEDURE.